UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MONTANA CONNECTION, INC., et al., ) | |
| ) | Civil Action No. 3:12-cv-0824 |
| Plaintiffs, ) | |
| ) | Chief Judge William J. Haynes, Jr. |
| v. ) | |
| ) | JURY DEMAND |
| JUSTIN MOORE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## [PROPOSED] ORDER AFTER JOINT DISCOVERY DISPUTE CONFERENCE

This matter was heard on Friday, December 6, 2013 on the Joint Discovery Dispute Statement of Plaintiffs and Defendant Jamie Paulin, individually and doing business as PawPaw Paulin Publishing ("Paulin"). All parties to this action were represented by counsel. This proposed order is submitted on behalf of Plaintiffs and Defendants Justin Moore, individually and doing business as Double Barrel Ace Music, Big Machine Music, LLC f/k/a Super '98 Music, LLC, The Valory Music Company LLC, Universal Music Group Distribution, Corp., Rebel Rooster, Inc., Jeremy Stover, individually and d/b/a Songs of Countrywood, and Jamie Paulin, individually, and d/b/a Pawpaw Paulin Publishing only.

The Court instructed the parties that Fed. R. Civ. P. 26(a)(1) requires that a party must provide the address of a witness, if known, and that pursuant to Fed. R. Civ. P. 26(b)(5) requires that a party asserting a privilege must describe the information not produced or disclosed, and to do so in a manner that will enable the Court (and the other parties) to assess the claim of privilege, such as a privilege log and an affidavit.

1

The Court hereby extends discovery in this action for eight (8) months from December 6, 2013 (August 6, 2014). Plaintiffs shall disclose their expert witnesses five (5) months from December 6, 2013 (May 6, 2014), and Defendants shall disclose their expert witness six (6) months from December 6, 2013 (June 6, 2014). Dispositive motions shall be filed nine (9) months from December 6, 2013 (September 8, 2014). Defendants' Motion for Summary Judgment (Doc. 137) is denied without prejudice to refiling.

With respect to the discovery dispute between Plaintiffs and Defendant Paulin, the Court orders that:

Document Request 7: This dispute is moot.

Document Request 8: Defendant Paulin will supplement his response to this document request with respect to income participation. Plaintiffs are permitted to send an interrogatory to Paulin regarding Document Request 8.

Document Request 9: Plaintiffs are permitted to send a contention interrogatory to Defendant Paulin regarding Document Request 9.

Document Request 10: This dispute is moot.

Document Request 12: Defendant Paulin has no documents responsive to this request in his possession, custody or control, and cannot obtain such documents from his music publisher, Defendant EMI Blackwood Music, Inc.

Interrogatory 1: Defendant Paulin shall provide addresses, if known, for each of the witnesses identified in his response to Interrogatory 1.

Interrogatory 7: This dispute is moot.

Interrogatory 8: Defendant Paulin shall provide copies of his federal income tax returns with all schedules for the period January 1, 2008 to present to show expenses, if any.

2

Case 3:12-cv-00824   Document 159-1   Filed 12/18/13   Page 2 of 6 PageID #: 1482
Case 3:12-cv-00824   Document 160   Filed 01/06/14   Page 2 of 4 PageID #: 1488

Interrogatory 9: Defendant Paulin shall have ten (10) days to respond to Interrogatory 9.

Interrogatory 10: Defendant Paulin shall have ten (10) days to respond to Interrogatory 10.

Interrogatory 11: Defendant Paulin shall supplement this Interrogatory response to provide more than just a date for the creation of the song "Backwoods" to describe facts to support the "Additional Defense" that "Backwoods" was independently created.

Interrogatory 12: Defendant Paulin shall supplement his response to Interrogatory 12.

Interrogatory 16: This dispute is now moot.

Interrogatory 17: Defendant Paulin shall supplement his response to Interrogatory 17 without regard to his employment, including providing factual information with respect to any association with Brad Daniel or Mr. Daniel's business entities.

Defendant Paulin shall have ten (10) days from December 6, 2013 (December 16, 2013) to supplement his responses as set forth hereinabove.

Plaintiffs shall be permitted to retake the deposition of Defendant Paulin on the topics identified during the discovery dispute conference, and not determined to be moot.

Plaintiffs shall be permitted to retake the deposition of EMI Blackwood Music, Inc. and EMI April Music, Inc. ("EMI") regarding the royalty statements that were not produced by Paulin or Stover at the time Plaintiffs deposed EMI on September 12, 2013. Since the EMI representative is located in New York, Plaintiffs may depose the EMI telephonically.

With respect to other pending Joint Discovery Disputes, those Defendants shall meet and confer with Plaintiffs and report to the Court which of the discovery disputes remain unresolved.

The parties shall submit a proposed order to the Court. If the parties cannot agree on a proposed order, each party shall prepare and submit his own order to the Court. Proposed orders

3

Case 3:12-cv-00824   Document 159-1   Filed 12/18/13   Page 3 of 6 PageID #: 1483
Case 3:12-cv-00824   Document 160   Filed 01/06/14   Page 3 of 4 PageID #: 1489

shall include a description of the resolution of any discovery dispute.

    **IT IS SO ORDERED.**

_____
WILLIAM J. HAYNES, JR.
Chief Judge, United States District Court

1-6-14

**APPROVED FOR ENTRY AS TO THESE DEFENDANTS ONLY:**

The filing party in this action affirms that all signatories have consented to the filing of this Proposed Order After Joint Discovery Dispute Conference.

s/ Ramona P. DeSalvo
Ramona P. DeSalvo (#018491)
L. Kevin Levine (#026758)
Alan E. Korpady (#021337)
DeSalvo & Levine PLLC
1720 West End Ave., Suite 403
Nashville, TN 37203
Telephone: (615) 600-4741
rdesalvo@desalvolevine.com
klevine@desalvolevine.com
akorpady@desalvolevine.com
*Attorneys for Plaintiffs Montana Connection, Inc. and Matthew Britton Currie*

s/ John R. Jacobson, Esq. with permission
John R. Jacobson, Esq. (TN BPR No. 14365)
Timothy L. Warnock, Esq. (TN BPR No. 12844)
Elizabeth O. Gonser, Esq. (TN BPR No. 26329)
Riley Warnock and Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rwjplc.com
twarnock@rwjplc.com
egonser@rwjplc.com
*Attorneys for Defendants Justin Moore, individually and doing business as Double Barrel Ace Music, Big Machine Music, LLC f/k/a Super '98 Music, LLC; The Valory Music Company LLC, Universal Music Group Distribution, Corp. and Rebel Rooster, Inc.*

4

Case 3:12-cv-00824   Document 159-1   Filed 12/18/13   Page 4 of 6 PageID #: 1484
Case 3:12-cv-00824   Document 160   Filed 01/06/14   Page 4 of 4 PageID #: 1490