UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MONTANA CONNECTION, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 3:12-cv-0824 |
| ) | |
| v. ) | Chief Judge William J. Haynes, Jr. |
| ) | |
| JUSTIN MOORE, et al., ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE No. 2 TO EXCLUDE THE DISCLOSURE AND TESTIMONY OF DWIGHT WILES AS AN EXPERT

Defendants Justin Moore, individually and doing business as Double Barrel Ace Music, Jamie Paulin, individually and doing business as Pawpaw Paulin Publishing, Jeremy S. Stover, individually and doing business as Songs of Countrywood, Big Machine Music, LLC (formerly known as Super '98 Music, LLC), EMI April Music Inc., EMI Blackwood Music Inc., the Valory Music Company, LLC, Universal Music Group Distribution, Corp., and Rebel Rooster, Inc (collectively, "Defendants") submit the following Response in Opposition to Plaintiffs' Motion to Exclude The Disclosure and Testimony of Dwight Wiles as an Expert. (Doc. No. 189).

Plaintiffs' Motion makes no showing sufficient to exclude Mr. Wiles as an expert in this matter and should be denied. Mr. Wiles, as an officer and business manager for Rebel Rooster, Inc. ("RRI") has specialized knowledge, training and experience in his role as a business manager for musical artists with over two decades of experience. Mr. Wiles was not hired in this litigation for the purpose of forming an opinion but is nonetheless permitted to express his opinions without the requirement of preparing a report. Fed. R. Civ. P. 26(a)(2)(C). Finally, Plaintiffs deposed Mr. Wiles extensively during their 30(b)(6) deposition of RRI and have actual knowledge of both his extensive qualifications, the very areas in which he has already testified

and the financial documents prepared under his guidance on behalf of RRI. The transcript from the 30(b)(6) deposition of RRI is incorporated into Mr. Wiles' disclosure and contains significant detail on the subject matter on which Mr. Wiles is expected to testify and a summary of the facts and opinions to which Mr. Wiles is expected to testify— the financial accounting issues related to Rebel Rooster, Inc., as the loan-out company for Justin Moore.

**I. Standards of Review**

**A. Motion in *Limine* Standard of Review**

This Court "has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Unless the evidence is clearly inadmissible on all potential grounds, the Court should defer evidentiary rulings excluding proffered evidence until trial so that the Court may have the proper context (foundation, relevance and potential prejudice) in ruling on the motion in *limine*. *Id.*

**B. *Daubert* Motion Standard of Review**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony: If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.

The trial judge serves as a gatekeeper, admitting only that expert testimony that is relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113

- 2 -

Case 3:12-cv-00824 Document 213 Filed 09/29/14 Page 2 of 8 PageID #: 2326

S.Ct. 2786 (1993). With regard to specialized knowledge, the trial court must initially determine whether the reasoning or methodology used is scientifically valid and is properly applied to the facts at issue in the trial. *Galloway v. Big G Exp., Inc.*, 590 F. Supp. 2d 989, 992-93 (E.D. Tenn. 2008) (citing Daubert, 509 U.S. at 589, 113 S.Ct. 2786).

To assist the trial court in its gatekeeping role, the Supreme Court has identified several (non-exhaustive) considerations: (1) whether the scientific knowledge can or has been tested; (2) whether the given theory or technique has been published or been the subject of peer review; (3) whether a known error rate exists; and (4) whether the theory enjoys general acceptance in the particular field. *Daubert*, 509 U.S. at 592-94, 113 S.Ct. 2786.

The Court's determination "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595, 113 S.Ct. 2786. "[T]he test under *Daubert* is not the correctness of the expert's conclusions **but the soundness of his methodology**." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 43 F.3d 1311 (9th Cir.1995) (emphasis supplied).

"Although *Daubert* centered around the admissibility of scientific expert opinions, the trial court's gatekeeping function applies to all expert testimony, including that based upon specialized or technical, as opposed to scientific, knowledge." *Galloway v. Big G Exp., Inc.*, 590 F. Supp. 2d 989, 992-93 (E.D. Tenn. 2008) (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147-48, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *Berry v. City of Detroit,* 25 F.3d 1342, 1350 (6th Cir.1994)).

"The trial judge enjoys broad discretion in determining whether the factors listed in *Daubert* reasonably measure reliability in a given case." *Galloway*, 590 F. Supp. 2d at 993 (citing *Daubert* at 153, 119 S.Ct. 1167. The party proffering the expert testimony bears the

- 3 -

Case 3:12-cv-00824 Document 213 Filed 09/29/14 Page 3 of 8 PageID #: 2327

burden of showing its admissibility under Rule 702 by a preponderance of the evidence. *Id.* (citing *Daubert,* 509 U.S. at 592 n. 10, 113 S.Ct. 2786).

## II. Plaintiffs' Motion to Exclude Dwight Wiles Should Be Denied

Plaintiffs complain that "it is difficult to conclude that [the Wiles] disclosure states 'the subject matter on which the witness is expected to present evidence' and 'a summary of the facts and opinions to which the witness is expected to testify.'" (Plaintiffs' Brief, p. 7). Yet, counsel for the Plaintiffs took a deposition of Mr. Wiles that produced a transcript that is 157 pages in length and which is attached to and incorporated by reference into the disclosure provided by Mr. Wiles.

Counsel examined Mr. Wiles at length concerning the corporation Rebel Rooster, Inc., which is the loan-out corporation through which Justin Moore provides entertainment services and which receives income in exchange for those services. During that examination, Plaintiffs discovered all qualifications and background possessed by Mr. Wiles in his role as business manager and officer for Rebel Rooster, Inc. Plaintiffs certainly have learned all of the facts and opinions about which Mr. Wiles may testify rather than the bare summary that the rules require.

In fact, Plaintiffs' own expert witness regarding finance, Dr. Einhorn, relies specifically on financial information that Mr. Wiles generated and about which counsel for the Plaintiffs examined Mr. Wiles in his deposition. (*See* Vlahos Declaration in Opposition to Plaintiffs' Motion to Exclude Ricigliano and Hallett, Exh. E, p. 18, No. 32 (RR 000107-RR000113)). Plaintiffs' complaint that Defendants did not then distill the information that Plaintiffs already possess into a different format elevates form over substance and is a pointless exercise and misunderstands the purpose for which Mr. Wiles was disclosed.

- 4 -

Plaintiffs further complain that Mr. Wiles' report cannot serve as his direct testimony at trial. Mr. Wiles was not retained in order to form an opinion for purposes of this litigation. He is involved in the day-to-day business management of Rebel Rooster and provides financial information that is the factual basis for argument regarding damages and information to be used by experts who were retained for the purpose of providing an opinion: Einhorn and Hallett. As such, his testimony is much more akin to a fact witness in his role as officer and business manager for RRI with respect to the very financial information about which Plaintiffs deposed him extensively.

Plaintiffs also complain, in essence, that the financial statements prepared by Mr. Wiles are not "audited" as that term is defined by Generally Accepted Accounting Principles. The purpose, of course, of a formal audit is to ensure the accuracy of the financial statements, generally in connection with a publicly traded corporation. Mr. Moore is the sole shareholder of Rebel Rooster, as Plaintiffs know based upon their thorough examination of Mr. Wiles at his deposition.

As a result, pursuant to the guidelines from AICPA (American Institute of Certified Public Accountants), Mr. Wiles' cover letter for Rebel Rooster's financial statements was appropriate.(*See* http://www.aicpa.org/InterestAreas/FRC/DownloadableDocuments/Third_Party_Verification/QA_Third_Party_Verification.pdf) (disclaimer letter appropriate where one is not independent and has compiled/assembled the financial data without performing a financial audit under the AICPA guidelines). Moreover, a comparison of the Rebel Rooster financial statements at issue with the tax returns for Rebel Rooster also produced in this matter will demonstrate the accuracy of the questioned financial statements as Mr. Wiles explained in detail during the 30(b)(6) deposition of Rebel Rooster.

Mr. Wiles has supplied financial information regarding revenue and expenses that are relevant to the issues in this lawsuit. Further, Plaintiffs' Motion fails to articulate any undue prejudice in Mr. Wiles testifying in the same precise manner he did under oath during Plaintiffs' deposition. As a result, he should be permitted to testify at trial regarding the same topics and facts for which Plaintiffs deposed Mr. Wiles during Rebel Rooster, Inc.'s 30(b)(6) deposition. *Directv, Inc. v. McCool*, 339 F. Supp. 2d 1025, 1029 (M.D. Tenn. 2004) ("Although the reports did not fully comply with Rule 26, Defendant makes no argument that he has been prejudiced in any way by the reports' deficiencies.")

He is clearly qualified to present that information to the court and jury, and Plaintiffs will suffer no surprise when he testifies. In fact, counsel for the plaintiffs has examined Mr. Wiles far longer and on far more wide ranging topics than Defendants would elicit through a direct examination at trial. Thus, excluding Mr. Wiles' testimony is not warranted.

## **CONCLUSION**

For the reasons stated herein, Defendants request this Court deny Plaintiffs' Motion to Exclude The Disclosure and Testimony of Dwight Wiles as an Expert.

Respectfully submitted,

/s/ Timothy L. Warnock
John R. Jacobson (BPR #14365)
Timothy L. Warnock (BPR #12844)
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rwjplc.com
twarnock@rwjplc.com

*Attorneys for Defendants Justin Moore, individually and d/b/a Double Barrel Ace Music; Big Machine Music, LLC f/k/a Super '98 Music, LLC; The Valory Music Company, LLC; Universal Music Group Distribution, Corp.; and Rebel Rooster, Inc.*

/s/ Derek Crownover w/permission to T. Warnock
Derek Crownover, Esq. (BPR #16650)
Austen M. Adams, Esq. (BPR #25233)
R. Cameron Caldwell, Esq. (BPR #29084)
Dickinson Wright
54 Music Square East, Suite 300
Nashville, TN 37203
dcrownover@dickinsonwright.com
aadams@dickinsonwright.com
ccaldwell@dickinsonwright.com

*Attorneys for Jeremy Stover,
EMI April Music, Inc. and
EMI Blackwood Music, Inc.*

/s/ Chanelle A. Johnson w/permission T. Warnock
Chanelle A. Johnson, Esq. (BPR #30008)
Neal & Harwell, PLC
150 4th Avenue North, Suite 2000
Nashville, TN 37219
cjohnson@nealharwell.com

*Attorney for Jamie Paulin, individually and d/b/a Pawpaw Paulin Publishing*

/s/ Ilene S. Farkas w/permission by T. Warnock
Ilene S. Farkas, Esq. (pro hac vice)
Donald S. Zakarin, Esq. (pro hac vice)
Pryor Cashman LLP
7 Times Square
New York, NY 10036
ifarkas@pryorcashman.com
dzakarin@pryorcashman.com

*Attorneys for EMI April Music Inc. and EMI Blackwood Music Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above document was served via the Court's electronic filing system upon the following:

Ramona P. DeSalvo
L. Kevin Levine
1720 West End Ave., Suite 403
Nashville, TN 37203
Telephone: (615) 600-4741
rdesalvo@desalvolevine.com
klevine@desalvolevine.com

*Attorneys for Plaintiffs Montana Connection, Inc., Matthew Britton Currie*

on this 29th day of September, 2014.

/s/ Timothy L. Warnock