IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MONTANA CONNECTION, INC., )
et al., )
                                                  )
      Plaintiffs, )
                                                  )
v. ) No. 3:12-cv-0824
                                                  ) Senior Judge Haynes
JUSTIN MOORE, et al., )
                                                  )
      Defendants. )

**MEMORANDUM**

Before the Court is Plaintiffs' motion in limine No. 2 to exclude the disclosure and testimony of Defendants' witness Dwight Wiles as an expert (Docket Entry No. 189), because Wiles's disclosures were deficient under Fed. R. Civ. P. 26(a)(2)(C) as a non-retained expert.

In response (Docket Entry No. 213), Defendants contend, in essence, that Wiles, as an officer and business manager for Defendant Rebel Rooster, Inc. ("RRI"), has specialized knowledge, training and experience in his role as a business manager for musical artists; that because Wiles was not retained for the purpose of forming an opinion, he may be permitted to express his opinions under Fed. R. Civ. P. 26(a)(2)(C) without the requirement of preparing a report; and that because Plaintiffs extensively deposed Wiles during their Rule 30(b)(6) deposition of RRI and have actual knowledge of Wiles's extensive qualifications, the areas in which he has testified and the financial documents prepared under his guidance on behalf of RRI, that submission of the transcript of the Rule 30(b)(6) deposition complies with Rule 26(a)(2)(C)'s requirement that such disclosure states the subject matter on which Wiles is expected to testify and a summary of the facts and opinions to which Wiles is expected to testify.

For the reasons set forth below, the Court concludes that Plaintiffs' motion in limine No. 2 to exclude the disclosure and testimony of Defendants' witness Dwight Wiles as an expert should be denied.

## A. Background

In its Initial Case Management Order (Docket Entry No. 43), the Court stated:

> For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least fifteen (15) days prior to the dispositive motion deadline.

Id. at 9. In Case Management Order No. 2 (Docket Entry No. 44), the Court stated, "Expert witness disclosures shall be made in accordance with Fed. R. Civ. P. 26(a)(2) or has been otherwise ordered by the Court. No expert witness shall testify beyond the scope of his or her expert witness disclosure." Id. at 2-3. The Court warned that it "may exclude or strike the testimony of an expert witness, or order other sanctions provided by law, for violation of the expert witness disclosure requirements." Id. at 3.

Pursuant to Fed. R. Civ. P. 26(a)(2)(C), Defendant RRI provided a two-page expert witness disclosure for Dwight Wiles, stating that Wiles is a certified public accountant and his firm, Smith Wiles & company, P.C. serves as the business manager for Defendants Justin Moore and RRI. (Docket Entry No. 196 at 1). Attached to the disclosure are "Accountant's Compilation Reports" for RRI for the years 2008 to 2013, and a 157 page transcript of Wiles's December 5, 2013, deposition as RRI's Fed. R. Civ. P. 30(b)(6) representative. Id. at 6-197. The "Accountant's Compilation Reports" for 2008 to 2013 contain cover letters that read, in part:

> We have not audited or reviewed the accompanying financial statements and, accordingly, do not express an opinion or provide any assurance about whether the financial statements are in accordance with the income tax basis or accounting, which is a comprehensive basis of accounting other than accounting principles generally accepted in the United States of America.
>
> Management is responsible for the preparation and fair presentation of the financial statements in accordance with the income tax basis of accounting and for designing, implementing, and maintaining internal control relevant to the preparation ans fair presentation of the financial statements.
>
> Our responsibility is to conduct the compilation in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants. The objective of a compilation is to assist management in presenting financial information in the form of financial statements without undertaking to obtain or provide any assurance that there are no material modifications that should be made to the financials statements.
>
> Management has elected to omit substantially all of the disclosures ordinarily included in the financial statements prepared on the income tax basis of accounting. If the omitted disclosures were included in the financial statements, they might influence the user's conclusions about the Company's assets, liabilities, equity, revenues, and expenses. . . .

Id. at 7.

### B. Conclusions of Law

For the admission of expert testimony, the Court serves as gatekeeper to ensure that juries are protected from misleading or unreliable evidence from the expert. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993). This gatekeeping role of the trial judge with respect to expert testimony also applies to testimony based on specialized knowledge, as well as to scientific or other technical knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999). A properly qualified expert witness may testify in the form of an opinion when the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the

evidence or to determine a fact in issue. Fed. R. Evid. 702.[1] Federal Rule of Evidence 704 provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. Yet, expert testimony cannot include terms that have a distinct legal meaning. Berry v. City of Detroit, 25 F.3d 1342, 1351-53 (6th Cir. 1994).

In addition to Fed. R. Evid. 702's general standards to assess reliability, the Supreme Court in Daubert provided a non-exhaustive list of factors that trial courts may consider in evaluating the reliability of expert testimony, including: "(1) whether a theory or technique can be or has been tested; (2) whether the technique has been subjected to peer review and publication; (3) whether the technique has a known or potential rate of error and the existence of standards controlling its operation; and (4) whether the theory or technique enjoys general acceptance in a relevant scientific community." Mike's Train House, Inc. v. Lionel, L.L.C., 472 F.3d 398, 407 (6th Cir. 2006) (citing Daubert, 509 U.S. at 593–94). "'[T]he factors identified in Daubert may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" Kumho, 526 U.S. at 150 (citation omitted). "Thus, whether Daubert's specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that

---

[1] Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;(b) the testimony is based on sufficient facts or data;(c) the testimony is the product of reliable principles and methods; and(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

the law grants the trial judge broad latitude to determine." Id. at 153; In re Scrap Metal Antitrust Litig., 527 F.3d 517, 529 (6th Cir. 2008) ("[T]he Daubert factors 'are not dispositive in every case' and should be applied only 'where they are reasonable measures of the reliability of expert testimony.'") (quoting Gross v. Comm'r, 272 F.3d 333, 339 (6th Cir. 2001)).

Rule 26(a)(2) of the Federal Rules of Civil Procedure, which pertains to the disclosure of expert testimony, provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Under Rule 26(a)(2)(B), an expert must provide a written report if the expert was "retained or employed specially to provide testimony or one whose duties as the party's employee regularly involve giving expert testimony." Rule 26(a)(2)(C) provides:

> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

The Advisory Committee's Note explains that Subdivision (a)(2) (C) was added in the 2010 Amendment to Rule 26 to

> mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have. This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only

> from an expert described in (a)(2)(B). A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

Id.

Where a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Under Rule 37(c), "'the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless.'" Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp., 596 F.3d 357, 370 (6th Cir. 2010) (citation omitted).

Plaintiffs contend that Wiles's disclosure, consisting of a brief recitation of his job description and a listing of exhibits, is insufficient and fails to state "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify" as required under Rule 26(a)(2)(C). Plaintiffs also contend that the accountant compilation reports included in Wiles's disclosure are merely summaries of RRI's financials and an expert opinion as to these compilations would not be helpful to the trier of fact. Moreover, Plaintiffs contend that these compilations do not "provide any assurance" of "material modifications" and therefore makes them an insufficient basis for expert testimony under Fed. R. Evid. 702. Plaintiffs further contend that the inclusion of Wiles's entire deposition as an exhibit to

his Fed. R. Civ. P. 26(a)(2)(C) disclosure fails to meet the rule's requirement providing "a summary of the facts and opinions to which the witness is expected to testify."

Defendants contend that by deposing Wiles Plaintiffs discovered Wiles's qualifications and background as business manager and officer for RRI and learned all of the facts and opinions about which Wiles may testify rather than a bare summary that the rules require. Defendants assert that Wiles's testimony is more akin to a fact witness in his role as officer and business manager of RRI. Defendants assert that Wiles was not retained to form an opinion for purposes of this action, but that he provides financial information that is the factual basis for argument on damages and information to be used by the parties' experts. Defendants also contend that Wiles's cover letter for RRI's financial statements was appropriate, citing the guidelines from American Institute of Certified Public Accountants ("AICPA").[2] Lastly, Defendants contend that Wiles has supplied financial information regarding revenue and expenses that are relevant to the issues in this action and that Plaintiffs have failed to show that they would suffer any undue prejudice from Wiles testifying in the same manner he did under oath during his deposition.

In response, Plaintiffs assert that Defendants failed to produce all of RRI's relevant financial documents necessary for Plaintiffs to depose Wiles fully and Defendants produced 76 documents on the eve of Wiles's deposition and 369 documents after his deposition. Plaintiffs assert that they do not seek to exclude Wiles as a fact witness, but seek to limit Wiles as to testifying only as a fact witness.

---

[2]See http://www.aicpa.org/InterestAreas/FRC/DownloadableDocuments/Third_Party_Verification/QA_Third_Party_Verification.pdf

7

Rule 26(a)(2)(C) "'mandate[s] summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions.'" Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co., No. 2:09-CV-1081, 2015 WL 1105840, at *3 (S.D. Ohio Mar. 11, 2015). "A 'summary of facts' does not mean, however, a mere reference to a voluminous treatise or file. Instead, a 'summary is defined as a brief account that states the main points of a larger body of information,' and, thus, 'a prodigious volume of material does not constitute a summary of the facts to which the witness will testify' under Rule 26(a)(2)(C)." Id. at *8 (citing Nicastle v. Adams Cnty. Sheriff's Office, No. 10–CV–00816–REB–KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011) (where the court concluded that a statement in a Rule 26(a)(2)(C) disclosure that certain opinions were supported by a file containing 936 pages was "far too general to satisfy the requirements of Rule 26(a)(2)(C).")

Thus, "a summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of the opinions is insufficient." Id. at *9. Further, "a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts-only those on which the expert actually relied in forming his or her opinions-that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material as sources of facts, without stating a brief account of the main points from those large bodies of material on which the expert relies." Id.

Here, Wiles's disclosure and the late disclosure of documents at his deposition are insufficient to satisfy Rule 26(a)(2)(C) as Wiles failed to provide all facts and opinions. The Wiles

deposition does not comply with the Court's Case Management Order. Yet, the Court notes that Plaintiffs have not been prejudiced as no trial date is currently set and there remains resolution of the parties' discovery dispute statements. The Court concludes that Defendants shall supplement Wiles's disclosure as required under Rule 26(a)(2)(C) and consistent with this Memorandum, following resolution of the remaining discovery issues. Therefore, Plaintiffs are granted leave to depose Wiles.

Accordingly, the Court concludes that Plaintiffs' motion in limine No. 2 to exclude the disclosure and testimony of Defendants' witness Dwight Wiles as an expert (Docket Entry No. 189) should be denied, but without prejudice to renew.

An appropriate Order is filed herewith.

**ENTERED** this the _21st_ day of December, 2015.

William J. Haynes, Jr.
Senior United States District Judge